# HARMAN BROWN

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. JUSTIFIABLE HOMICIDE—*defending one's habitation.* A party indicted for manslaughter, was warned that the deceased and two others were coming to attack him, and when they did come, and in the night-time, they broke in the door and window of the defendant's habitation, and, while in the act, the prisoner, then in his own house, struck the deceased a blow with a poker, from which he died the next day. This was a clear case of justifiable homicide. The defendant had a right to defend his habitation.

2. SAME—*of the effect of subsequent expressions of defendant.* Subsequent expressions of the defendant that he did not regret the act of killing, while they may be improper, are not criminal. So long as the law justifies, he need have no other regret than that which naturally results to every one who may be under the necessity of taking human life.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

The opinion of the Court contains a sufficient statement of the case.

Messrs. GILLESPIE & METCALF, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Circuit Court of Madison county for manslaughter. The defendant was found guilty, a motion for a new trial was denied, and he was sentenced to imprisonment in the penitentiary for one year.

To reverse this judgment the prisoner prosecutes this writ of error, and assigns for error, overruling the motion for a new trial. All the evidence is preserved in the record, and we have never seen a case of homicide more justifiable than this, on the evidence.

The defendant was warned that the deceased, his brother and Burnet were coming, and when they did come, and in the night-time, they broke in the door and window, and, while in

the act, the prisoner, then in his own house, struck the deceased a blow with a poker, from which he did not recover, but died the next day.

The prisoner had a right to defend his habitation. The thirty-second section of the Criminal Code defines justifiable homicide to be "the killing of a human being in necessary self-defense, or in the defense of habitation, property or person against one who manifestly intends, or endeavors by violence or surprise, to commit a known felony, such as murder, rape, robbery, burglary and the like, either upon person or property, or against any person or persons who manifestly intend and endeavor in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein."

These elements appear by the testimony, and the conduct of the deceased and of his accomplices was well calculated to alarm the prisoner and put him on the defensive. The whole case shows a most wanton, riotous and violent attack upon the habitation of a person in the peace of the people, seldom exhibited in a court of justice, and it is not surprising, the defendant, when speaking of the occurence afterward, should not have regretted the act. His language on the occasion was certainly improper, but not criminal. So long as the law justifies the act, he need have no other regret than that which naturally results to every one who may be under the dire necessity of taking human life. We are satisfied a new trial should have been granted. This view renders it unnecessary to consider the other point made by plaintiff in error, as to the misconduct of the officer having charge of the jury and the affidavits of the jurors made to substantiate the charge. For refusing a new trial, the judgment is reversed and the cause remanded.

*Judgment reversed.*